IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:09CR20–HEH |
| ) | Civil Action No. 3:15CV284–HEH |
| MOORTHY SRINIVASAN RAM ) | |

**MEMORANDUM OPINION**
(Dismissing Successive 28 U.S.C. § 2255 Motion)

By Memorandum Opinion and Order (ECF Nos. 88, 89) entered on August 29, 2013, the Court denied a motion under 28 U.S.C. § 2255 filed by Moorthy Srinivasan Ram. *United States v. Ram*, No. 3:09CR20–HEH, 2013 WL 4648497, at *7 (E.D. Va. Aug. 29, 2013). On May 6, 2015, the Court received another motion to vacate, set aside, or correct Ram's sentence that the Court construes as a 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 100).[1]

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

---

[1] Ram again asks the Court to vacate his conviction, order a new trial, or reduce his sentence. (§ 2255 Mot. at 3.)

The Court has not received authorization from the United States Court of Appeals for the Fourth Circuit to hear Ram's successive § 2255 Motion. Accordingly, the § 2255 Motion (ECF No. 100) will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Ram has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order will follow.

/s/
Henry E. Hudson
United States District Judge

Date: May 12, 2015
Richmond, Virginia